MIKE FIRKO, INDIVIDUALLY AND AS NEXT FRIEND, PLAINTIFF, v. BERNARD BROTHERS, DEFENDANT.

Argued October term, 1927—Decided January 26, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the rule, *William A. Moore.*

*Contra, Walter S. Keown.*

PER CURIAM.

The case was tried before the court and a jury in the Mercer Circuit, and a verdict for the father for $175 and for the son for $75 resulted. The plaintiff seeks a new trial as to the damages only, and it is argued that the verdict of $75 in favor of the infant son is inadequate.

The plaintiff was one of a number of school children playing in the street at the time of the injury. The court charged that "the uncontroverted evidence is such that if plaintiff were of more mature age, * * * I should feel it my duty to hold that as a matter of law, he, by his own conduct, contributed to his injuries, and, therefore, could not recover. I would so hold if plaintiff were of more mature years."

The defendant produced no medical witness, but the doctor produced by the plaintiff testified that the injuries to the boy consisted of a fracture of the left fibula, and a compound fracture of the tibia, together with bruises and brush burns.

The boy was admitted to the hospital on March 8th, 1926, and was discharged therefrom April 2d, 1926. His leg was placed in a cast March 16th, 1926, and the cast was removed later at the dispensary; after discharge he reported to the

dispensary irregularly for six or eight weeks, but the leg is now cured with a good union.

The plaintiff's father testified that the boy was in the hospital five weeks; that the cast was removed three weeks after his discharge from the hospital, after which time crutches were used by him for fourteen weeks. The boy is nine years of age.

We think, under the testimony, that the rule should be made absolute as to the damages allowed to the boy only. As to the father the rule will be discharged.